# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHN F. ENGELHORN,

    Plaintiff,

vs.                               Case No. 4:10cv534-WS/WCS

WALTER A. McNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed his fifth amended complaint, doc. 31. Plaintiff names four persons as Defendants in this case: Edwin Buss,[1] Secretary of the Department of Corrections, Dr. Robert Hemphill, chief health officer at Charlotte Correctional Institution, Dr. Rummel, chief health officer at Santa Rosa Correctional Institution, and Dr. Gonzales Espino, chief health officer at Columbia Correctional Institution. Doc. 31, pp. 1-2.

As Plaintiff has previously been advised on several occasions, a defendant may not be held liable simply because he is a supervisory official or is responsible for the

---

[1] Plaintiff spelled the surname as Bus, but judicial notice is taken that the name is properly spelled as Buss.

operations of a prison. Plaintiff was directed to "*only* name as a Defendant those persons who were *involved* in the issues about which Plaintiff is complaining." Doc. 28. Plaintiff was specifically directed *not* to name the Department's Secretary as a Defendant in this case if the Defendant was not personally involved in the issues or created a policy which resulted in Plaintiff's harm. *See* docs. 22, 28. Plaintiff has continued to name the Secretary without any factual basis supporting the claim. The complaint should be dismissed as to Defendant Buss.

Moreover, Plaintiff fails to allege any involvement at all by the other three named Defendants. Plaintiff fails to allege anything these Defendants did or failed to do that has caused Plaintiff harm. Plaintiff's only allegations as to current events is that in the last month while Plaintiff was housed at Santa Rosa Correctional Institution, his wheelchair was taken again, even though Plaintiff had a wheelchair pass. Doc. 31, p. 7. Plaintiff does not allege who took his wheelchair. Thus, this incident fails to state a claim as to the Defendants.

Plaintiff also states that on May 10, 2011 and May 16, 2011, Plaintiff was issued several disciplinary reports for failing to walk as security had demanded him to do. Considering this fifth amended complaint was filed on June 2, 2011, it would be impossible for Plaintiff to have grieved this issue through the Department's administrative grievance procedures. Because prisoners are required to exhaust administrative remedies *prior* to filing a case, this case must be dismissed under 42 U.S.C. § 1997e(a).

Plaintiff has had sufficient opportunity to submit a viable complaint. Further leave to amend does not appear beneficial. In the end, this case appears to be based on Plaintiff's expressed desire for a wheelchair, and the decisions by unnamed health care providers, from time to time, that he does not need a wheelchair. Even if Plaintiff had named the person who made the decision, Plaintiff has not alleged specific facts to show that he has a serious health need for a wheelchair. Plaintiff has only expressed his personal desire and need for one. That is not sufficient to state a claim and complaint should be dismissed.[2]

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fifth amended complaint, doc. 31, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

---

[2] It is noted that the Clerk erroneously filed a "motion concerning case management" along with the complaint. Doc. 31, pp. 10-12. As the case should be dismissed, there is no need to separate that motion for a ruling. Indeed, Plaintiff's identification of other cases he has filed in that motion reveal he once again failed to honestly answer questions on the complaint form about cases he has filed. *Id.*, at 4. This case could be dismissed solely on that ground as well.

Case No. 4:10cv534-WS/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**